UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SANDRA JEAN BROWN ALLEN, | § | |
| | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | CIVIL ACTION NO. H-09-cv-0810 |
| | § | |
| STEWART TITLE GUARANTY | § | |
| COMPANY, | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM AND ORDER

Before the Court is Defendant's Motion to Dismiss. (Doc. No. 6.)  After considering the parties' filings, all responses and replies thereto, and the applicable law, the Court finds that Defendants' Motion should be granted.

### I.     BACKGROUND

Plaintiff's claims arise from a "Family Heirship" document which she tried to amend. Defendant Stewart Title Company allegedly refused to amend the document to reflect certain changes.  Plaintiff filed suit in this Court, alleging claims of defamation, libel, and slander. Defendants moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

### II.     STANDARD FOR MOTION TO DISMISS PURSUANT TO RULE 12(b)(1)

The court must dismiss a case when the plaintiff fails to establish subject matter jurisdiction.  FED. R. CIV. P. 12(b)(1).  "It is incumbent on all federal courts to dismiss an action

whenever it appears that subject matter jurisdiction is lacking." *Stockman v. Federal Election Com'n*, 138 F.3d 144, 151 (5th Cir. 1998).  A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted).  The burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Stockman*, 138 F.3d at 151.

## III.    Original Jurisdiction

Federal courts have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States" as well as those where there is "diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs." 28 U.S.C. §§ 1331, 1332.  Plaintiff concedes in her Complaint that there is no diversity jurisdiction (Pl. Compl. ¶¶ 1-2); therefore, the only issue before the Court is whether it has "federal question" jurisdiction over the dispute.  A federal question exists only in those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008) (internal quotations omitted).

Plaintiff's Complaint does not present a federal question, as defamation, slander, and libel are state law tort claims.  Plaintiff mentions 18 U.S.C. § 1001, which criminalizes fraud with respect to a government agency.  This statute does not contain a private right of action; therefore, it cannot serve as a basis for federal jurisdiction.  *Williams v. Jurow*, No. 05 Civ. 6949(DAB), 2008 WL 4054421, at *4 (S.D.N.Y. Aug. 28, 2008).

Finally, Plaintiff argues that the Court can exercise jurisdiction over her claims because *New York Times v. Sullivan*, 376 U.S. 254 (1964) "dramatically changed the nature of libel law in the United States ...." (Pl. Resp. ¶ 5.)  In that case, the district court had federal question jurisdiction because the plaintiff alleged claims based on the First and Fourteenth Amendment, and because the parties were diverse.  As the Court has already explained, Plaintiff presents neither a federal question nor grounds for diversity jurisdiction.  Because the Court lacks jurisdiction over the case, it will not reach Defendant's grounds for dismissal under Rule 12(b)(6).

## IV.  CONCLUSION

For these reasons, Defendants' Motion to Dismiss is **GRANTED**. The Court will allow Plaintiff thirty days to file an amended complaint stating federal claims.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 1st day of June, 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS
ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY
AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN
SENT ONE BY THE COURT.**